WAYNE D. LONSTEIN, ESQ.
LONSTEIN LAW OFFICE, P.C.
80 North Main Street, P.O. Box 351
Ellenville, New York 12428
Telephone: (845)647-8500
Facsimile: (845)647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA
PRESCOTT DIVISION

----------------------------------------------------------------

ZUFFA, LLC, d/b/a THE ULTIMATE
FIGHTING CHAMPIONSHIP (UFC),

                Plaintiff,

-against-

JAMES HEROLD, Individually, and B J'S
TAVERN, a/k/a BJ'S CABANA BAR II,
a/k/a BJ's CABANA, a/k/a BJ's TAVERN
AND CABANA,

                Defendants.

----------------------------------------------------------------

**COMPLAINT**

Civil Action No.

     Plaintiff, **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)** (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE P.C., complaining of the defendants herein respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

     1. This is a civil action seeking damages for violation of 47 U.S.C. § 553, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

-1-

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the State of Arizona (28 U.S.C. § 1391(b) and 28 U.S.C. § 82).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Arizona and certain activities of Defendants giving rise to this action took place in the State of Arizona; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the District of Arizona. Moreover, upon information and belief, Defendants have their principal place of business within the State of Arizona; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 2960 West Sahara Avenue, Las Vegas, Nevada 89102.

6. Upon information and belief the defendant, JAMES HEROLD, resides in the State of Arizona.

7. Upon information and belief the defendant, JAMES HEROLD, is a principal of B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN

AND CABANA.

8. Upon information and belief the defendant, JAMES HEROLD, is the individual with supervisory capacity and control over the activities occurring within the establishment on May 28, 2011.

9. Upon information and belief the defendant, JAMES HEROLD, received a financial benefit from the operations of B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, on May 28, 2011.

10. Upon information and belief, defendant, JAMES HEROLD, was the individual with close control over the internal operating procedures and employment practices of B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, on May 28, 2011.

11. Upon information and belief, defendant, B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, located at 2122 McCulloch Boulevard North, Lake Havasu, AZ 86403, had a capacity for 101-200 people on May 28, 2011.

12. Upon information and belief, defendant, B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, is a business entity, the exact nature of which is unknown, having its principal place of business at 2122 McCulloch Boulevard North, Lake Havasu, AZ 86403.

13. Upon information and belief, the defendant, B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, is a partnership licensed to do business in the State of Arizona.

14. Upon information and belief, the defendant, B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, is a sole proprietorship licensed to do business in the State of Arizona.

15. Upon information and belief, defendant, JAMES HEROLD, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as B J'S TAVERN, a/k/a BJ'S CABANA BAR II, a/k/a BJ's CABANA, a/k/a BJ's TAVERN AND CABANA, located at 2122 McCulloch Boulevard North, Lake Havasu, AZ 86403.

## COUNT I

16. Plaintiff hereby incorporates paragraphs "1" through "15," inclusive, as though fully set forth herein.

17. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

18. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

19. Upon information and belief, the defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

20. By reason of the aforementioned conduct, all of the aforementioned defendants

willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

21. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

### COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "15," and "17" through "19," inclusive, as though fully set forth herein.

23. Plaintiff is the owner of the copyright to the **UFC #130** Broadcast, including all undercard matches and the entire television broadcast, scheduled for **May 28, 2011**, via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

24. As a copyright holder of the rights of the **UFC #130** Broadcast, Plaintiff has rights to the Broadcast including the right to distribute same.

25. Defendant never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the **UFC #130** Broadcast on **May 28, 2011**.

26. Upon information and belief, with full knowledge that the **UFC #130** Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or its agents,

-5-

servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on **May 28, 2011.**

27. Specifically, upon information and belief, the Defendant and/or its agents, servants, workmen and employees unlawfully obtained the **UFC #130** Broadcast, enabling Defendant to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

28. By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

29. By reason of the aforementioned defendants' violation of 17 U.S.C. §501(a), plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

30. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and §504(c)(2), of up to the maximum amount of $150,000.00.

31. Plaintiff is further entitled to its attorney fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) Declare that defendant's unauthorized exhibition of the **May 28, 2011, UFC #130 Broadcast,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.

(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553.

(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. §553 (c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: October 20, 2011
Ellenville, New York

ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)

By: /s/Wayne D. Lonstein
WAYNE D. LONSTEIN, ESQ.
LONSTEIN LAW OFFICE, P.C.
80 North Main Street, P.O. Box 351
Ellenville, New York  12428
Telephone: (845)647-8500
Facsimile: (845)647-6277
Email: Legal@signallaw.com
*Our File No. 11-12AZ-01V*

-7-